JOHN HENRY HINGSON III, OSB 710821
409 Center Street
P.O. Box 1448
Oregon City, OR 97045
(503) 656-0355 / (503) 656-0415 (Fax)

    Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>CHELSEA LEAH REDER,<br><br>                Defendant. | NO. 3:13-cr-00596-JO<br><br>PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND ORDER ENTERING PLEA |

The defendant represents to the court:

    1.    My name is Chelsea Leah Reder. I am 24 years old. I have gone to school up to and including some college.

    2.    My attorney is John Henry Hingson III.

    3.    My attorney and I have discussed my case fully. I have received a copy of the Indictment or Information. I have read the Indictment or Information, or it has been

Page 1  -  PETITION TO ENTER PLEA OF GUILTY

read to me, and I have discussed it with my attorney. My attorney has counseled and advised me concerning the nature of each charge, any lesser-included offense(s), and the possible defenses that I might have in this case. I have been advised and understand that the elements of the charge(s) alleged against me to which I am pleading "GUILTY" are as follows: (1) an agreement to accomplish an illegal objective (that is, to export from the United States methamphetamine, a Schedule II controlled substance, in a quantity of 50 grams or more (actual), in violation of federal law; and (2) the intent to commit the underlying offense.

I have had a full and adequate opportunity to disclose to my attorney all facts known to me that relate to my case. I understand that the Court may ask whether I am satisfied with the advice I have received from my attorney.

4.   I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offense(s) to which I am pleading guilty. I also know that if I answer falsely, under oath, and in the presence of my attorney, my answers could be used against me in a prosecution for perjury or false statement.

5.   I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason, except as follows: N/A.

I have not taken any drugs or medications within the past seven (7) days, except as follows: Rizaltriptan; Prozac (generic version).

6.  I understand that conviction of a crime can result in consequences in addition to imprisonment. Such consequences include deportation, or removal from the United States, or denial of naturalization, if I am not a United States citizen; loss of eligibility to receive federal benefits; loss of certain civil rights (which may be temporary or permanent depending on applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

7.  I know that I may plead "NOT GUILTY" to any crime charged against me and that I may persist in that plea if it has already been made. I know that if I plead "NOT GUILTY" the Constitution guarantees me:

> a.  The right to a speedy and public trial by jury, during which I will be presumed to be innocent unless and until I am proven guilty by the government beyond a reasonable doubt and by the unanimous vote of twelve jurors;
>
> b.  The right to have the assistance of an attorney at all stages of the proceedings;
>
> c.  The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in my favor;

d.  The right to see, hear, confront, and cross-examine all witnesses called to testify against me;

e.  The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and

f.  The right not to be compelled to incriminate myself.

8.  I know that if I plead "GUILTY" there will be no trial before either a judge or a jury, and that I will not be able to appeal from the judge's denial of any pretrial motions I may have filed concerning matters or issues not related to the court's jurisdiction.

9.  In this case I am pleading GUILTY under Rule 11(c)(1)(A) and (c)(1)(B) of the Federal Rules of Criminal Procedure. My attorney has explained the effect of my plea under Rule 11(c)(1)(A) and (c)(1)(B) to be as follows: I plead guilty under Rule 11 (c)(l)(A), pursuant to a Plea Agreement whereby the prosecutor has promised to dismiss or not bring other charges against me and to recommend that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply. Therefore, at or before sentencing, the judge must either accept the Plea Agreement or allow me to withdraw my plea; in addition, although the judge will consider the recommendations and agreements of both the prosecution and the defense attorneys concerning

sentencing, the judge is not obligated to follow those recommendations or agreements. If the judge imposes a sentence different from what I expected to receive under the terms of my plea agreement with the prosecutor, I do not have a right to withdraw my plea.

10.  I know the maximum sentence which can be imposed upon me for the crime(s) to which I am pleading guilty is life imprisonment and a fine of $10,000,000.00. I also know there is a mandatory minimum sentence of 10 years imprisonment.

11.  I know that the judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $100.00 per count of conviction.

12.  I know that if I am ordered to pay a fine, and I willfully refuse to pay that fine, I can be returned to court, where the amount of the unpaid balance owed on the fine can be substantially increased by the judge and I can be imprisoned for up to one year.

13.  My attorney has discussed with me the Federal Sentencing Guidelines. I know the Guidelines are advisory, not mandatory. I also know the sentencing judge, in determining the particular sentence to be imposed, must consider those factors set forth in Title 18, United States Code, Section 3553(a), including, but not limited to, the nature and circumstances of the offense, my own history and characteristics, the goals of sentencing (punishment, deterrence, protection, and rehabilitation), and the sentencing

range established by the advisory Guidelines. If my attorney or any other person has calculated a guideline range for me, I know that this is only a prediction and advisory, and that it is the judge who makes the final decision as to what the guideline range is and what sentence will be imposed. I also know that a judge may not impose a sentence greater than the maximum sentence referred to in paragraph (10) above.

14.     I know from discussion with my attorney that, under the Federal Sentencing Guidelines, if I am sentenced to prison I am not entitled to parole. I will have to serve the full sentence imposed except for any credit for good behavior that I earn. I can earn credit for good behavior in prison at a rate of up to 54 days for each year of imprisonment served. Credit for good behavior does not apply to a sentence of one year or less.

15.     I know that if I am sentenced to prison, the judge will impose a term of supervised release to follow the prison sentence. During my supervised release term I will be supervised by a probation officer according to terms and conditions set by the judge. In my case, a term of supervised release can be 5 to 5 years. If I violate the conditions of supervised release, I may be sent back to prison for up to 5 years.

16.     I know that in addition to or in lieu of any other penalty, the judge can order restitution payments to any victim of any offense to which I plead guilty. I am also informed that, for certain crimes of violence and crimes involving fraud or deceit, it

is mandatory that the judge impose restitution in the full amount of any financial loss or harm caused by an offense. If imposed, the victim can use the order of restitution to obtain a civil judgment lien. A restitution order can be enforced by the United States for up to twenty (20) years from the date of my release from imprisonment, or, if I am not imprisoned, twenty (20) years from the date of the entry of judgment. If I willfully refuse to pay restitution as ordered, a judge may resentence me to any sentence which could originally have been imposed.

17. On any fine or restitution in an amount of $2,500 or more, I know that I will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

18. If I am on probation, parole, or supervised release in any other state or federal case, I know that by pleading guilty in this court my probation, parole or supervised release may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed on me in this court.

19. If I have another case pending in any state or federal court, I know that my Petition and Plea Agreement in this case do not, in the absence of an express and written agreement, apply to my other case(s), and that I can be faced with consecutive sentences of imprisonment.

20. My plea of "GUILTY" is based on a Plea Agreement that I have made with the prosecutor. That Plea Agreement is attached hereto and incorporated herein. I have read or had read to me the Plea Agreement, and I understand the Plea Agreement.

21. The Plea Agreement contains the only agreement between the United States government and me. No officer or agent of any branch of government (federal, state or local) or anyone else has promised or suggested that I will receive a lesser term of imprisonment, or probation, or any other form of leniency if I plead "GUILTY" except as stated in the Plea Agreement. I understand that I cannot rely on any promise or suggestion made to me by a government agent or officer which is not stated in writing in the Plea Agreement, or which is not presented to the judge in my presence in open court at the time of the entry of my plea of guilty.

22. My plea of "GUILTY" is not the result of force, threat, or intimidation.

23. I hereby request that the judge accept my plea of GUILTY to Count 2 of the Indictment in this case, which charges the crime of conspiring with others to knowingly and intentionally export methamphetamine, a Schedule II controlled substance, in an amount greater than 50 grams (actual), to countries outside the United States, in violation of 21 U.S.C. Sections 846, 953(a), and 960(a)(1).

24. I know that the judge must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted. With respect to the

24. I know that the judge must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted. With respect to the charge(s) to which I am pleading guilty, I represent that I did the following acts and that the following facts are true: On and between August 25, 2012 and July 29, 2013, in the District of Oregon, I knowingly and intentionally agreed with another person to accomplish an illegal objective, specifically, to export from the United States methamphetamine, a Schedule II controlled substance, in a quantity of 50 grams or more (actual), in violation of federal law, with the intent to commit the underlying offense.

25. I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Indictment or Information, and with a full understanding of the statements set forth in this Petition and in the Certificate of my attorney that is attached to this Petition.

SIGNED by me in the presence of my attorney, after reading (or having had read to me) all of the foregoing pages and paragraphs of this Petition on this 18th day of April, 2014.

*Chelsea Reder*
Chelsea Leah Reder, Defendant

## CERTIFICATE OF COUNSEL

The undersigned, as attorney for defendant Chelsea Leah Reder, hereby certifies:

1. I have fully explained to the defendant the allegations contained in the Indictment or Information in this case, any lesser-included offense(s), and the possible defenses which may apply in this case.

2. I have personally examined the attached Petition to Enter Plea of Guilty and Order Entering Plea, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the Petition.

3. I have explained to the defendant the maximum penalty and other consequences of entering a plea of guilty described in paragraphs (6)-(20) of the Petition, and I have also explained to the defendant the applicable Federal Sentencing Guidelines.

4. I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me in the presence of the above-named defendant, and after full discussion with the defendant of the contents of the Petition to Enter Plea of Guilty, and any Plea Agreement, on this 18 day of April, 2014.

_____
JOHN HENRY HINGSON III, OSB 710821
Attorney for Defendant Chelsea Leah Reder

## ORDER ENTERING PLEA

I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crime(s) to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this ____ day of _____, 2014, in open court.

_____
HONORABLE ROBERT E. JONES
United States District Court Judge





**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*          (503) 727-1000
*Portland, OR 97204-2902*                   Fax (503) 727-1117

April 16, 2014

John H Hingson III
John Henry Hingson III PC
PO Box 1448
Oregon City OR 97045
Attorney for Chelsea L. Reder

Re:     *United States v. Chelsea L. Reder*
        Case No. 3:13-cr-00596-JO-2
        Amended Plea Agreement Letter

Dear Counsel:

1.      **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.   This agreement does not apply to any charges other than those specifically mentioned herein.

2.      **Charges**:  Defendant agrees to plead guilty to Count 2 of the Indictment charging a Conspiracy to Export 50 or more grams of methamphetamine (actual), in violation of Title 21, U.S.C., Sections 846, 953(a), 960(a)(1) and 960 (b)(2)(H).

3.      **Penalties**: As charged, Count 2 carries a mandatory minimum sentence of ten years' imprisonment, a maximum sentence of life imprisonment, a fine of $10,000,000, at least five years of supervised release, and a $100 fee assessment.   Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea, or explain to the court why it cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below.   Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4.      **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant.   The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this drug investigation, known to the USAO at the time of this agreement.

5.      **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).   Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

Revised 02/03/10



U.S. Department of Justice
S. Amanda Marshall
United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600         (503) 727-1000
Portland, OR 97204-2902                 Fax (503) 727-1117

6. **Relevant Conduct**: The parties stipulate that defendant's relevant conduct pursuant to USSG §§1B1.3 and 2D1.1(c)(2) is at least 50 grams but not more than 150 grams of methamphetamine (actual) for a Base Offense Level of 32, prior to adjustments.

7. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that she fully admits and accepts responsibility under USSG § 3E1.1 for her unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than 16). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8. **Mass Marketing by Interactive Computer Service Enhancement**: The USAO will recommend a two-level upward adjustment for distributing a controlled substance through mass marketing by means of an interactive computer service, pursuant to USSG § 2D1.1(b)(7). Defendant is free to make any recommendation on this issue.

9. **Low End Range:** The USAO will recommend the low end of the applicable guideline range, and the low end of the range of any mandatory fine as long as defendant demonstrates an acceptance of responsibility as explained above.

10. **"Safety Valve" Adjustment**: If defendant meets the criteria of 18 U.S.C. § 3553(f) and USSG § 5C1.2 for "safety valve" relief from a mandatory minimum sentence, the parties will recommend a two-level reduction in offense level pursuant to USSG § 2D1.1(b)(11).

11. **Minor Role Adjustment:** The parties agree that a two-level adjustment for minor role is appropriate under U.S.S.G. § 2D1.1(a)(5)(i) and §3B1.2(b), for a total four level adjustment.

12. **Downward departure for resolution of a complex case without pretrial litigation**: The parties agree that a 2 level downward departure, adjustment or variance from the applicable sentencing guideline range for resolution of a complex case without litigation of pretrial motions before the first trial setting is appropriate under USSG § 5K2.0(a)(3) or 18 U.S.C. § 3553.

13. **Additional Departures, Adjustments, or Variances**:

The United States Sentencing Commission is considering a two-level reduction in the Base Offense Level for some drug offenses. The U.S. Department of Justice supports this proposal. Therefore, the government will not object to defendant's motion for a downward variance of two levels in defendant's Base Offense Level at the time of sentencing. In consideration for the

Revised 02/03/10

John H Hingson III
John Henry Hingson III PC
PO Box 1448
Oregon City OR 97045
Attorney for Chelsea L. Reder

government's acquiescence to this motion, defendant hereby agrees not to seek a further sentence reduction under 18 U.S.C. §3582(c)(2), in the event the two-level reduction is adopted and made retroactive by the Sentencing Commission.

The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

14. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

15. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

16. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

17. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

18. **Forfeiture Terms**:

    A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture

Revised 02/03/10

John H Hingson III
John Henry Hingson III PC
PO Box 1448
Oregon City OR 97045
Attorney for Chelsea L. Reder

pursuant to 21 U.S.C. § 853 in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(A) and 846, as set forth in Count One of the Indictment, and specifically including:

1. Approximately 108.485 Bitcoins seized on December 5, 2013.
2. Approximately $2,000 seized on August 22, 2013
3. Approximately $2,332 seized on September 16, 2013
4. A money judgment in the amount of $2,500, representing a portion of the proceeds of defendant Reder's criminal activity as set forth in Count 2.

B.  **Agreement to Civil Forfeiture**:  Defendant agrees not to file a claim or withdraw any claim already filed to any of the property in any civil proceeding, administrative or judicial, which has been initiated.  Defendant further waives the right to notice of any forfeiture proceeding involving this property, and agrees not to assist others in filing a claim in any forfeiture proceeding.

C.  **No Alteration or Satisfaction**:  Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets.  Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure.  Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

19.  **Memorialization of Agreement**:  No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

20.  **Deadline**:  This plea offer expires if not accepted by April 18, 2014, at 5:00 p.m.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

*/s/ Annemarie Sgarlata*
JENNIFER J. MARTIN
ANNEMARIE SGARLATA
Assistant United States Attorneys

Revised 02/03/10

John H Hingson III
John Henry Hingson III PC
PO Box 1448
Oregon City OR 97045
Attorney for Chelsea L. Reder

 

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

4/18/2014
Date

_Chelsea Reder_
Chelsea L. Reder, Defendant

 

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

4/18/2014
Date

John H Hingson III, Attorney for Defendant

Revised 02/03/10