

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600      (503) 727-1000*
*Portland, OR 97204-2902      Fax (503) 727-1117*

March 21, 2014

Todd E. Bofferding
Todd Bofferding PC
1215 B St
PO Box 539
Hood River, OR 97031

      Re:    *United States v. Richard Egan Webster*
            Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.   This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees to plead guilty to Count 1 of the Indictment charging a Conspiracy to Distribute 500 or more grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, U.S.C., Sections 841(a)(1), (b)(1)(A) and § 846.

3.    **Penalties**: As charged, Count 1 carries a mandatory minimum sentence of ten years' imprisonment, a maximum sentence of life imprisonment, a fine of $10,000,000, at least five years of supervised release, and a $100 fee assessment.   Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea, or explain to the court why it cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below.   Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant.   The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this drug investigation, known to the USAO at the time of this agreement.

5.    **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).   Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

**Revised 02/03/10**

Mr. Todd E. Bofferding
Re:  Richard E. Webster, Plea Agreement
March 21, 2014

6.    **Relevant Conduct**:  The parties stipulate that defendant's relevant conduct pursuant to USSG §§1B1.3 and 2D1.1(c)(2) is at least 5 kilogram but not more than 15 kilograms of mixture or substances containing methamphetamine for a Base Offense Level of 36, prior to adjustments.

7.    **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case.   If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than 16).   The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8.    **Low End Range:** The USAO will recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

9.    **"Safety Valve" Adjustment**:  If defendant meets the criteria of 18 U.S.C. § 3553(f) and USSG § 5C1.2 for "safety valve" relief from a mandatory minimum sentence, the parties will recommend a two-level reduction in offense level pursuant to USSG § 2D1.1(b)(11).

10.    **Downward departure for resolution of a complex case without pretrial litigation**: The parties agree that a 2 level downward departure, adjustment or variance from the applicable sentencing guideline range for resolution of a complex case without litigation of pretrial motions before the first trial setting is appropriate under USSG § 5K2.0(a)(3) or 18 U.S.C. § 3553.

11.    **Additional Departures, Adjustments, or Variances**:

The United States Sentencing Commission is considering a two-level reduction in the Base Offense Level for some drug offenses. The U.S. Department of Justice supports this proposal. Therefore, the government will not object to defendant's motion for a downward variance of two levels in defendant's Base Offense Level at the time of sentencing. In consideration for the government's acquiescence to this motion, defendant hereby agrees not to seek a further sentence reduction under 18 U.S.C. §3582(c)(2), in the event the two-level reduction is adopted and made retroactive by the Sentencing Commission.

The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.   Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

12.    **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except

Revised 02/03/10

Mr. Todd E. Bofferding
Re:   Richard E. Webster, Plea Agreement
March 21, 2014

for a claim that:   (1) the sentence imposed exceeds the statutory maximum, or (2) the Court
arrives at an advisory sentencing guideline range by applying an upward departure under the
provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C.
§ 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range.   Should
defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on
appeal.   Defendant also waives the right to file any collateral attack, including a motion under 28
U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on
grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18
U.S.C. § 3582(c)(2).

13.   **Court Not Bound**:   The Court is not bound by the recommendations of the parties or of
the presentence report (PSR) writer.   Because this agreement is made under Rule 11(c)(1)(B) of
the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind
this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.   **Full Disclosure/Reservation of Rights**:   The USAO will fully inform the PSR writer and
the Court of the facts and law related to defendant's case.   Except as set forth in this agreement,
the parties reserve all other rights to make sentencing recommendations and to respond to motions
and arguments by the opposition.

15.   **Breach of Plea Agreement**:   If defendant breaches the terms of this agreement, or
commits any new criminal offenses between signing this agreement and sentencing, the USAO is
relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

16.   **Forfeiture Terms**:

A.   **Assets and Authority**:   By signing this agreement, defendant knowingly and
voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture
pursuant to 21 U.S.C. § 853 in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(A) and 846, as set forth
in Count One of the Indictment, and specifically including:
   1. Approximately 108.485 Bitcoins seized on December 5, 2013.
   2. Approximately $2,000 seized on August 22, 2013
   3. Approximately $2,332 seized on September 16, 2013
   4. A money judgment in the amount of $10,000, representing a portion of the
      proceeds of defendant Webster's criminal activity as set forth in Count 1.

B.   **Agreement to Civil Forfeiture**:   Defendant agrees not to file a claim or withdraw
any claim already filed to any of the property in any civil proceeding, administrative or judicial,
which has been initiated.   Defendant further waives the right to notice of any forfeiture
proceeding involving this property, and agrees not to assist others in filing a claim in any forfeiture
proceeding.

C.   **No Alteration or Satisfaction**:   Defendant knowingly and voluntarily waives the

Mr. Todd E. Bofferding
Re:   Richard E. Webster, Plea Agreement
March 21, 2014

right to a jury trial on the forfeiture of assets.   Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure.   Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

17.   **Memorialization of Agreement**:   No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.   If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

18.   **Deadline**:   This plea offer expires if not accepted by April 18, 2014, at 5:00 p.m.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

JENNIFER J. MARTIN
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney.   I understand and voluntarily agree to its terms.   I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

4-23-14
Date

Richard E. Webster, Defendant

I represent the defendant as legal counsel.   I have carefully reviewed every part of this agreement with defendant.   To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

4-23-14
Date

Todd Bofferding, Attorney for Defendant

**Revised 02/03/10**